MARTHA A. GARRISON, Appellant, v. KATE RINGLAND,
Respondent.

St. Louis Court of Appeals, February 15, 1898.

Affirmed for the same reasons stated, and upon the same state of
facts, as in *Garrison v. O'Donald*, page 621, *ante*, except that in this
case it appeared from plaintiff's testimony that her agent had express
authority to make the contract of novation pleaded in this, as it was
in that case.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

*J. M. Harrell* for appellant.

The only evidence in this case even tending to
show a release and acceptance is parol, and inadmissi-
ble. 1 Greenlf. Ev. [12 Ed.], p. 312, sec. 275; Law-
son on Con., p. 394, sec. 372; *Bumer Bros. v. Strong*,
61 Tex. 555; *Sirk v. Ela*, 163 Mass. 394; *Johnson v.
R'y*, 141 U. S. 602; *Newman v. Bank*, 70 Mo. App.
135.

No proof as to the words and acts of an agent are
admissible until his agency is established by proof.
*White v. R. R.*, 19 Mo. App. 400; *Brooks v. Jameson*,
55 Mo. 505.

Taking the evidence of defendants as a whole, it
fails to show a novation from any standpoint. R. S.
1889, sec. 1995; *Paper Co. v. Bosbyshell*, 14 Mo. App.
540; *Clark v. Billings*, 59 Ind. 508; *Johnson v. Ramsey*,
28 Minn. 531; 2 Whar. on Con., sec. 855; *Bank v.
Moorman*, 38 Mo. App. 484; *Murphy v. Hanrahan*, 50
Wis. 489; *Jacob v. Murphy*, 64 Mo. App. 271; *Bank*

*v. Gardner*, 57 *Id.* 268. See, also, 1 Par. on Con. [6 Ed.], 240; 1 Add. on Con. [Morgan's Ed.], sec. 374.

The first instruction asked by plaintiff is clearly the law. 1 Greenlf. on Ev. [12 Ed.], sec. 275, p. 312; *Johnson v. R'y, supra.* So is her fourth instruction. R. S. 1889, sec. 1995; *Paper Co. v. Bosbyshell, supra; Aiken & Co. v. Peters,* 45 Ark. 313; *Kelso v. Fleming,* 104 Ind. 180; *Butterfield v. Hartshorn,* 7 N. H. 345; *Lumber Co. v. Meffert,* 59 Mo. App. 437; *Jacobs v. Mahoney,* 64 *Id.* 271; *Newman v. Bank,* 70 *Id.* 135; 16 Am. and Eng. Ency. Law, 862; 1 Par. on Con. [6 Ed.] 240.

*Patterson & Patterson* and *White & McCammon* for respondents.

A novation is clearly not with the statute of frauds, and it was not necessary to be in writing. 1 Par. on Con. [6 Ed.], p. 221; *Wright v. McCulley,* 67 Mo. 135; *Black v. Paul,* 10 *Id.* 104.

Where part of a contract is reduced to writing it is competent to prove the rest by parol. *Life Ass'n v. Cravens,* 60 Mo. 388; *Lumber Co. v. Lumber Co.,* 39 *Id.* 214.

A case was fully made out on the question of novation, and the demurrer to defendant's evidence was properly overruled. 3 Add. on Con. [8 Ed.] 1226–1231; *Heaton v. Angier,* 28 Am. Dec. 353; *Black v. Paul, supra; Butterfield v. Hartshorn, supra; Lester v. Bowman,* 39 Iowa, 611; *Edgell v. Tucker,* 40 Mo. 523; *Tatlock v. Harris,* 3 T. R. 180; *Cadens v. Teasdale,* 53 Vt. 469; *Caswell v. Fellows,* 110 Mass. 52; *Brown v. Kirk,* 20 Mo. App. 529; *Manney v. Frazier,* 27 Mo. 419; *Wright v. McCulley,* 67 *Id.* 134; 1 Par. on Con. [6 Ed] 217; *Nicholson v. Glover,* 41 Ind. 24; 16 Am. and Eng. Ency. Law, 876.

BLAND, P. J.—This is a companion case with number 6949, wherein Martha A. Garrison is plaintiff, and Wayne O'Donald *et al.* are defendants, decided at the present term. This suit is to recover the $500 note mentioned in the answer of the O'Donalds in number 6949. The evidence in this case is the same as in the O'Donald case, except the deposition of the plaintiff was taken and read in this case, from which it appears that Sheppard had express authority to make the contract of novation pleaded in this, as it was in the O'Donald case. For the reasons stated in the O'Donald case, the judgment in this case is affirmed. All concur.